IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK SCHATZLE, | * |
|     Petitioner, | * |
| v. | *   Civil Action No. GLR-16-978 |
| WILLIAM V. DELAUTER, et al., | * |
|     Respondents. | * |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Mark Schatzle's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2012) (ECF No. 1). Schatzle challenges his 2015 conviction in the Circuit Court for Frederick County, Maryland. For reasons that follow, the Court will dismiss the Petition without prejudice.

**I.   BACKGROUND**

By criminal information, the State of Maryland charged Schatzle with one count of criminal contempt and one count of nonsupport of a minor child. On September 30, 2015, Schatzle pled guilty to the contempt count, and on December 4, 2015, the State of Maryland nolle prossed the count for nonsupport of a minor child. Also on December 4, 2015, the Circuit Court for Frederick County, Maryland sentenced Petitioner to five years of incarceration, with three years and six months suspended, and five years of supervised probation. (Pet. at 1, ECF No. 1). Schatzle did not file an appeal to the Court of Special Appeals of Maryland. (Id. at 2). On March 7, 2016, Schatzle filed a state post-conviction petition, arguing ineffective assistance of counsel; it remains pending. (Id. at 3–4).

In his Petition, Schatzle challenges his conviction on three grounds, all based on non-compliance with Maryland family law statutes. (Id. at 5–6). Schatzle acknowledges, however,

that he has not presented any of these grounds to a state court, explaining that his "Public Defender did not research the charges prior to trial." (Id. at 6).

## II.   ANALYSIS

Lack of exhaustion in state court precludes federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). The exhaustion requirement "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F.Supp.2d 473, 479 (E.D.Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)).

Exhaustion has two requirements. First, the petitioner must utilize "all available state remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997)). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Second, the petitioner must afford state courts an adequate opportunity to address the precise constitutional claims advanced in the federal habeas petition. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting

that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)). The petitioner must seek review in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this is accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. See Matthews, 105 F.3d at 911; Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994).

Assuming that Schatzle has raised grounds colorable under § 2254,[1] the Court concludes that Schatzle has failed to exhaust his claims in state court. Accordingly, the Court will dismiss the Petition without prejudice to give Schatzle an opportunity to exhaust his claims in state court by seeking their review in a post-conviction proceeding.

Finally, when a federal district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). The Court finds that Schatzle has not met this standard. The Court will, therefore, decline to issue a Certificate of Appealability.

---

[1] Schatzle cannot use a federal habeas petition to challenge an alleged error of state law. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (reiterating "federal habeas corpus relief does not lie for errors of state law").

### III. CONCLUSION

For the foregoing reasons, the Court will DISMISS WITHOUT PREJUDICE Schatzle's Petition for Writ of Habeas Corpus (ECF No. 1).  The Court will also DECLINE to issue a Certificate of Appealability.  A separate Order follows.

Entered this 29th day of April, 2016

/s/
_____
George L. Russell, III
United States District Judge